Filed 10/7/13  Sandhu v. Wells Fargo Bank CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MANJIT SANDHU et al.,<br><br>     Plaintiffs and Appellants,<br><br>v.<br><br>WELLS FARGO BANK N.A.,<br><br>     Defendant and Respondent. | A136361<br><br>(Alameda County<br>Super. Ct. No. HG11601966) |

### INTRODUCTION

Plaintiffs Manjit Sandhu and Satinder Dhillon appeal from a judgment entered in favor of defendant Wells Fargo Bank after the trial court granted the bank's ex parte application to dismiss their lawsuit, following demurrers to plaintiffs' original and first amended complaints and denial of a motion to file a second amended complaint. We conclude the trial court properly dismissed the action, and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2005, plaintiffs obtained a loan from Wells Fargo to buy a home in Hayward, California. They defaulted on the loan, and in 2011, the property was sold to Federal National Mortgage Association. Plaintiffs filed suit shortly thereafter, naming Wells Fargo and the Mortgage Association as defendants. The trial court sustained defendants' demurrer to the complaint, and granted plaintiffs leave to amend. The court noted at the outset of its order that plaintiffs had not opposed the court's tentative ruling.

1

Plaintiffs filed a first amended complaint, naming only Wells Fargo as defendant and asserting five causes of action: rescission pursuant to Civil Code section 1632,[1] rescission pursuant to sections 1550, 1567, 1568, and 1689, declaratory relief, quiet title, and rescission pursuant to the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.). These claims were based on plaintiffs' assertion that nearly five years prior, Wells Fargo tricked them into signing loan documents with an interest rate to which they did not agree. Wells Fargo interposed another demurrer.

On May 29, 2012, the trial court heard and sustained the bank's demurrer to the first amended complaint, again noting plaintiffs had not contested the court's tentative ruling. The court's written order enumerated the specific reasons for its ruling as to each of the five causes of action. The court allowed plaintiffs leave to amend their second cause of action (rescission pursuant to § 1691) and fourth cause of action (for quiet title), and also provided specific instructions for amending the complaint.

With regard to the rescission claim, plaintiffs were granted leave to amend "to clearly allege (1) facts demonstrating that Plaintiffs are willing and able to repay the full amount of the loan secured by the subject property, as required by Civil Code § 1691(b), , and (2) the required elements of a fraud claim with the required degree of particularity, including who made the alleged misrepresentations, to whom, what they said or wrote, and when. . . ." (*Id.*) The trial court also stated, "[i]n amending, Plaintiffs may not base this claim on any allegation that the Defendant failed to inform them that they did not qualify for or could not afford the subject loan. . . . Nor may Plaintiffs base this claim on Defendant's alleged failure to possess the subject promissory note . . . ." With regard to the quiet title claim, plaintiffs were granted leave to amend "to clearly allege (1) all the elements of a Quiet Title Claim required by Code of Civil Procedure § 761.020; (2) that Plaintiffs are currently willing and able to repay the full amount of the debt secured by the subject property . . . ; and (3) facts demonstrating some legally cognizable basis for determining that Plaintiffs' claim to the subject property is superior to that of Defendant."

---

[1] All further statutory references are to the Civil Code unless otherwise indicated.

The trial court granted plaintiffs "10 days to amend, running from service of Notice of Entry of Order on Plaintiffs by Defendant" to file a second amended complaint alleging "two, and only two, causes of action, for Rescission and Quiet Title. . . ." The trial court also stated, "[t]his Order does not preclude Plaintiffs from filing a noticed motion seeking further leave to amend to assert any other meritorious claims they believe they may have." The court's written order was served on the parties by the court clerk on May 31, 2012. Wells Fargo served notice of entry of the order on June 26, 2012. Accordingly, the 10-day deadline to amend was July 11, 2012, including the five-day extension for mailing.

In the meantime, on June 7, 2012, plaintiffs filed a motion for leave to file a second amended complaint with additional causes of action (for fraud, breach of contract, rescission and restitution, and quiet title). On July 10, the trial court denied plaintiffs' motion to amend, again noting its tentative ruling had not been contested. The court denied the motion "without prejudice," explaining it would "not permit Plaintiffs to file a Second Amended Complaint in the form attached to the moving papers." The court also again provided specific explanations as to the deficiencies of the claims, and instructions as to what plaintiffs had to allege to state a viable claim. The court clerk served the written order on the parties on July 13.

On July 20—more than a week after the deadline set by the court's demurrer order for filing a second amended complaint and a week after the court denied plaintiffs' motion to file a more expansive second amended complaint than had been allowed by the demurrer order—Wells Fargo filed an *ex parte* application for dismissal for failure to timely file a second amended complaint. The bank served the application on plaintiffs' counsel the same day and also sent a letter stating the application would be heard July 24.

On July 23, three days after being notified of the *ex parte* application, and one day before the scheduled hearing, plaintiffs filed a second motion for leave to file an expansive second amended complaint, with a scheduled hearing date of September 20.

At the ex parte hearing the next day, July 24, the trial court granted Wells Fargo's application and entered a judgment of dismissal. Despite notice, plaintiffs did not file

3

opposition or appear at the hearing.  A week later, on July 30, plaintiffs filed an *ex parte* application to set aside the dismissal, which was denied.

**DISCUSSION**

*Failure to Object*

It is fundamental that a party cannot complain on appeal about rulings the party had an opportunity to, but did not, oppose.  (*In re S.B.* (2004) 32 Cal.4th 1287, 1293 ["a reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court."][2]; see also *People v. Saunders* (1993) 5 Cal.4th 580, 589–590.)  Whether denominated "waiver" or "invited error," a party cannot remain silent in the trial court and later challenge a ruling that became the order or judgment of the court without objection.  (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 212 ["Under the doctrine of invited error, when a party by its own conduct induces the commission of error, it may not claim on appeal that the judgment should be reversed because of that error."]; see also *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.* (2009) 171 Cal.App.4th 939, 950 ["Ultimately, the question here is not whether appellant invited error, but whether it forfeited its claim by failing to object below. . . .  See generally Eisenberg, et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2008) ¶ 8:245, p. 8–161 [discussing invited error doctrine]; *id.* ¶ 8:249, p. 8–164 [discussing waiver] . . . because appellant failed to object, it forfeited its procedural challenge."] (*K.C. Multimedia*).)

As we have recited, plaintiffs did not contest a single one of the tentative rulings on the viability of the allegations of their various complaints—they did not contest the tentative rulings sustaining the bank's demurrers to their original and first amended complaints with leave to amend, and they did not contest the tentative ruling on their motion to file a more expansive second amended complaint than the court had allowed in sustaining the bank's demurrer.  Accordingly, these un-objected to rulings duly became

---

[2]  Superseded by statute on another ground as stated in *In re S.J.* (2008) 167 Cal.App.4th 953, 962.

4

the orders of the court. (Cal. Rules of Court, rule 3.1308(a)(2).)[3] Since plaintiffs had the opportunity to voice opposition, but failed to do so, they have waived any error in the court's rulings. (*Mary M. v. City of Los Angeles*, *supra*, 54 Cal.3d at p. 212.)

As we have also recited, plaintiffs did not file any written opposition to, or appear at the hearing on, the bank's *ex parte* application for dismissal of the action. They have therefore also waived any challenge to the granting of the application and the entry of a judgment of dismissal. (Rule 8.54(c) ["A failure to oppose a motion may be deemed a consent to the granting of the motion."]; see also *K.C. Multimedia*, *supra*, 171 Cal.App.4th at p. 950.)

On the ground of waiver or invited error, alone, the judgment can and should be affirmed.

## *The Judgment of Dismissal*

Even had plaintiffs not waived their right to challenge the judgment of dismissal on appeal, we would affirm it on the merits.

Plaintiffs contend the trial court erred because they were "denied an opportunity to amend their complaint" when the court dismissed the case while their second motion for leave to file an expansive second amended complaint was pending. We disagree.

The trial court granted plaintiffs multiple opportunities to amend to plead viable causes of action. Indeed, the court went out of its way to explain the shortcomings in their pleadings and to specify exactly what they needed to allege to survive a demurrer. In its order sustaining the bank's demurrer to plaintiff's first amended complaint, the court allowed leave to amend as to two causes of action and further stated plaintiffs could file a motion if they wanted to state additional claims. Instead of filing a second amended complaint with the requisite allegations to support the two causes of action the court had identified, plaintiffs filed a motion to file a greatly expanded proposed second amended complaint. The court denied their motion. While the court's order indeed stated the motion was denied "without prejudice"—the court explained it would not allow

---

[3] All further rule references are to the California Rules of Court.

a second amended complaint "in the form attached to the moving papers."  By this time, plaintiffs had proffered three iterations of their complaint to the trial court, and the court had rejected each one.

Plaintiffs, in short, ignored the court's analyses of their claims and its clear instructions as to what they needed to allege.  The "without prejudice" language in the order denying their motion, which plaintiffs have taken out of context, was by no means any guarantee they could file another motion if and when they might be so inclined.

Accordingly, the trial court did not error in granting the bank's *ex parte* application to enter a judgment of dismissal in the absence of *any* operative pleading being on file by the deadline imposed in the court's order sustaining the bank's demurrer to the first amended complaint with leave to amend.  The court had already given plaintiffs three opportunities to file a sufficient complaint.  It was not required to deny Wells Fargo's procedurally proper ex parte application for entry of dismissal because plaintiffs had filed yet another motion (at the eleventh hour) to file a verbose pleading that was not even set for hearing for another two months.[4]  (Cf. *Record v. Reason* (1999) 73 Cal.App.4th 472, 486 [" 'even if a good amendment is proposed in proper form, unwarranted delay in presenting it may—of itself—be a valid reason for denial.'  [Citation.]"].)

## DISPOSITION

The judgment is affirmed.

---

[4] Plaintiffs' complaint that the ex parte application for dismissal was procedurally improper is without merit. (Rule 3.1320(h) ["A motion to dismiss the entire action and for entry of judgment after expiration of the time to amend following the sustaining of a demurrer may be made by ex parte application to the court under Code of Civil Procedure section 581(f)(2)."].)  Nor is there any merit to plaintiffs' complaint that Wells Fargo acted "surreptitiously" in bringing its ex parte application.  On the contrary, the bank complied with all the procedural requirements set forth in the Rules of Court, including giving timely notice of its application.  (Rule 3.1200 et seq.)  Moreover, plaintiffs filed no written opposition and did not appear at the noticed hearing.  Accordingly, they are in no position at this late date to make accusations about the bank's motive in seeking a dismissal.

6

_____
Banke, J.

We concur:


_____
Margulies, Acting P. J.


_____
Haerle, J.*

---

\* Associate Justice of the Court of Appeal, First Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section VI of the California Constitution.